## EVELINE SMITH, APPELLANT, *v.* DAVID H. SMITH, RESPONDENT.

DIVORCE—PREPONDERANCE OF EVIDENCE SUFFICIENT.—In a suit for divorce, brought upon grounds that involve a criminal charge against the defendant, it is not necessary to prove the allegations constituting such charge beyond a reasonable doubt. It is sufficient if they be established by a preponderance of evidence.

APPEAL from Marion County.

The facts are stated in the opinion of the Court.

*Thayer & Williams,* for Appellant.

*Mallory & Shaw and P. C. Sullivan,* for Respondent.

By the Court, SHATTUCK, J.:

This is a suit for divorce and alimony.

The complainant (appellant in this Court) charges the defendant with adultery and with cruel and inhuman treatment, rendering her life burdensome.

One act of adultery charged appears upon the face of the complaint to have been condoned, and the chief grounds insisted on for the divorce are the alleged cruel and inhuman treatment, on the part of the defendant, in associating with lewd women, and having become infected with the venereal

disease, recklessly communicating it to complainant, whereby her health was impaired and her life endangered. The answer denies the material allegations of the complaint. It is conceded that the facts alleged, if proven, constitute cruel and inhuman treatment.

. The case was tried in the court below upon oral testimony, before the judge, and the divorce denied. It comes into this Court to be tried upon the transcript and agreed statement of the evidence.

The evidence is contradictory. It is claimed on the one side that the testimony shows that both parties were diseased; on the other hand it is claimed that there is no sufficient evidence that the defendant was diseased at all, and that the disease of the complainant may have been other than she supposed.

The case, as presented, involves a subject upon which it is held, in a leading case, that the facts are not of a technical nature; they are determinable upon common grounds of reason—in other words, that the rational and legal interpretation must be the same. (*Loveden* v. *Loveden*, 1 Bishop, Mar. and Div., § 614.)

And the same author (§ 633) says, concerning cases of this kind, that "consulting reason, rather than specific authority, evidence should be received of the entire course of life and the associations and temptations of the parties severally," and that the divorce should be granted only when, upon such a view of the case, the court was satisfied. The rule suggested amounts simply to this, that each case is to be tried and determined upon its own peculiar circumstances and upon a reasonable interpretation of the evidence.

Some discussion was had upon the argument concerning the rule by which the sufficiency of the proof should be determined. The evidence being contradictory it is proper to decide according to what rule the finding shall be. Shall the court decide according to the preponderance of evidence, or must the charge be established beyond a reasonable doubt?

The charges made in the complaint involve a crime, and a

decree for the complainant virtually decides that the defendant is guilty of a crime. This view affords some grounds for holding that the charge of adultery should be established beyond reasonable doubt. But we are of opinion that the statute has furnished the rule for our guidance.

It is provided (Civ. Code, Subd. 5, § 835) "that in civil cases the affirmative of the issue shall be proven, and when the evidence is contradictory the finding shall be according to the preponderance of evidence; that in criminal cases guilt shall be established beyond reasonable doubt."

Adopting these rules, we hold that this is a civil case within the meaning of the statute, and that notwithstanding the alleged grounds of relief involve a charge of crime against the respondent; yet it is to be decided upon a preponderance of evidence, upon a rational view of its own peculiar circumstances, and upon a rational rather than technical interpretation of the facts presented.

It is not necessary to enter into a review and analysis of the testimony. The Court are agreed that upon a preponderance of evidence the allegations of the complaint are proven, and that the complainant is entitled to a divorce.

The decree of the court below will be reversed and a decree entered allowing the divorce, and for costs, and remanding the case to the court below for further proceedings upon the allegations of the complaint relative to the property of the parties.